# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO. _____

LYLIE OBIE, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

SIRIUS XM HOLDINGS INC.,

    Defendant.

_____/

## DEFENDANT SIRIUS XM HOLDINGS INC.'S
## NOTICE OF REMOVAL

COMES NOW, Defendant Sirius XM Holdings Inc. ("Sirius XM"), and, through undersigned counsel, hereby removes this putative class action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County (the "State Court"), to the United States District Court for the Middle District of Florida. In support thereof, Sirius XM respectfully states as follows:

## PROCEDURAL BACKGROUND

1. Sirius XM exercises its rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this putative class action from the State Court where this case is pending under the name and style of *Obie v. Sirius XM Holdings Inc.*, Case No. 16-2021-CA-005246-XXXX-MA (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State court

of which the district courts of the United States have original jurisdiction may be removed by the defendant to the U.S. district court for the "district and division embracing the place where such action is pending."

3. This case is properly removed to this Court because this Court has original subject matter jurisdiction over the putative class State Court Action pursuant to 28 U.S.C. § 1332(d) and because the procedural requirements for removal have been satisfied pursuant to 28 U.S.C. § 1446.

## PROCEDURAL COMPLIANCE

4. On or about September 28, 2021, Plaintiff Lylie Obie ("Plaintiff") filed her Complaint (the "Complaint") in this action in the State Court. In her Complaint, Plaintiff alleges violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 *et seq.*, as amended by Senate Bill No. 1120, against Sirius XM.[1] A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

5. <u>Removal Is Timely</u>. Sirius XM was served with Plaintiff's Summons and Complaint on October 7, 2021. A true and correct copy of the Return of Service is attached hereto as **Exhibit C**. As such, this Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §§ 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (thirty-day time period for removal runs from the date of formal service). This Notice of Removal is timely under 28 U.S.C. § 1453 as well.

---

[1] Sirius XM reserves all defenses and objections to Plaintiff's claims.

6.  <u>Removal to the Proper Court</u>. This Court is part of the "district and division embracing the place where" the State Court Action was filed—*viz.*, Duval County, Florida. 28. U.S.C. §§ 1441(a); 1446(a).

7.  <u>Filing and Service</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is set to be filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. A copy of this Notice of Removal is also set to be served on all counsel of record. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, **Exhibit A**, is attached hereto, and copies of all process, pleadings, and orders in the State Court Action served upon Defendant are attached hereto as **Exhibit B**. Finally, a true and correct copy of the Return of Service is attached hereto as **Exhibit C**.

8.  <u>Prior Removal</u>. No previous application has been made for the relief requested in this Notice of Removal.

9.  <u>Consent</u>. At the time of this filing, Sirius XM is the only named defendant in the State Court Action. 28 U.S.C. § 1446(b)(2)(A).

10. <u>Jurisdiction</u>. As set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over the putative class action pursuant to 28 U.S.C. §§ 1332(d) and 1453.

## SUBJECT MATTER JURISDICTION

### THE CLASS ACTION FAIRNESS ACT PERMITS REMOVAL OF THE STATE COURT ACTION

11. The State Court Action is a putative class action over which this Court

has original subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).

12. CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.*, there is "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d).

13. Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 135 S. Ct. at 544; *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions.")

14. Accordingly, this Court has subject matter jurisdiction pursuant to CAFA § 1332(d)(2) because: (1) this case is a putative class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant; and (3) the amount in controversy, exclusive

of interest and costs, exceeds $5 million.

### 1. The Proposed Class Exceeds 100 Members.

15. A civil action constitutes a "class action" under CAFA if: (1) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"; and (2) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B) and (d)(5)(B) (emphasis added).

16. The State Court Action purports to assert claims pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of the following putative class:

> All persons in Florida who (1) were sent a telephonic sales call regarding Defendant's goods and/or services (2) via the same equipment or type of equipment utilized to call Plaintiff.

Ex. A., ¶ 19; 28 U.S.C. § 1332(d)(1)(B).

17. In addition, Plaintiff alleges that: "Plaintiff does not know the exact number of members in the Class but believes the Class members number is in *the several thousands*, if not more." *Id.*, ¶ 20 (emphasis added).

18. Further, Sirius XM confirms that the number of potential class members greatly exceeds 100.[2] Indeed, Sirius XM has more than 34.5 million subscribers nationwide, with a representative population of those subscribers residing in Florida. Accordingly, the proposed class exceeds the requisite number of members for jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### 2. There Is Geographic Minimal Diversity of Citizenship.

19. Both at the time Plaintiff commenced this action in State Court and at the time of removal, there was and is geographic minimal diversity of citizenship as mandated by CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

20. CAFA provides that the diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Courts often refer to this as "minimal diversity." *See Hill v. National Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 902 (11th Cir. 2016); *see also Day v. Sarasota Doctors Hosp., Inc.*, 2020 U.S. Dist. LEXIS, at *5 (M.D. Fla. Sept. 28, 2020). The minimal diversity requirement is met here, because Sirius XM is: (a) not a citizen of Florida and (b) a citizen of a different state than the putative class plaintiffs.

---

[2] Sirius XM makes this representation with respect to CAFA removal *only*. Sirius XM does not concede that its calls soliciting payment for services consumed constitute violative calls under the FTSA. Sirius also does not concede that the putative class meets the requirements under Rule 23 of the Federal Rules of Civil Procedure.

21. Sirius XM is incorporated in the State of Delaware and has its principal place of business in New York, New York. The Complaint alleges that Sirius XM is a "foreign corporation" that "maintains its primary place of business and headquarters in New York, New York." Ex. A, ¶ 7.

22. Remarkably, the Complaint purposefully fails to identify Plaintiff's citizenship; instead, it ambiguously declares: "Plaintiff received such calls while residing in and physically present in Florida." Ex. A., ¶ 9.

23. The Complaint's definition of the putative class is limited to "persons in Florida." Ex. A, ¶ 19 ("All persons in Florida who…."). While this definition is—yet again—purposefully vague, it is reasonable to deduce that the putative class includes Florida citizens because the Complaint is predicated on a violation of a Florida statute codified to redress perceived wrongs to Florida citizens. *See also* Fla. Stat. § 501.059(8)(d).

24. Accordingly, at least one member of the putative class—and very possibly Plaintiff herself—is a citizen of a State different from Sirius XM and diversity is established for purposes of federal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

    **3.** **The Amount in Controversy Requirement Is Satisfied.**

25. Both at the time Plaintiff commenced this action against Sirius XM in State Court and at the time of removal, the amount in controversy requirement

contemplated by 28 U.S.C. § 1332(d)(2) was and is satisfied.

26. A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

27. Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D)) (emphasis added); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

28. Here, Plaintiff's claims meet the jurisdictional threshold in Section 1332(d)(6) because the aggregate amount of the damages and other relief sought by the putative class exceeds $5,000,000, exclusive of interest and costs.

29. Specifically, and as detailed above, the Complaint seeks relief for purported violations of the FTSA. *See* Ex. A, ¶¶ 1, 3, 5, 9, 18-19, 21, 23-24, 29-36. The Complaint alleges that Sirius XM violated the FTSA because it "engaged in making unsolicited prerecorded calls to Plaintiff and members of the Class … to

promote its services, without having secured prior written consent as required by the FTSA." *See id.*, ¶ 3.

30. The Complaint also alleges that "Plaintiff and Class members are each entitled to a *minimum* of $500.00 in damages for *each violation*." *Id.*, ¶ 36 (emphasis added). In addition, the Complaint seeks a declaration that Sirius XM's actions violated the FTSA and that "Plaintiff and the Class members are also entitled to an injunction against future calls." *Id.*; *see also* Prayer for Relief, subparts (c) and (d).

31. "For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000); *see also Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1977). The amount in controversy here may therefore include the value of Plaintiff's claims for declaratory and injunctive relief as well.

32. The FTSA allows a plaintiff to institute an action to "(1) [e]njoin such violation [of the FTSA];" and (2) [r]ecover actual damages or $500, whichever is greater." Fla. Stat. § 501.059(10)(a).

33. As Sirius XM has tens of millions of subscribers, the Complaint alleges that the putative class members number in "the several thousands, if not more," and *each* alleged violation of the FTSA awards actual damages or $500, the damages alleged here exceed $5,000,000. Ex. A, ¶ 20; Fla. Stat. § 501.059(10)(a).

34. Accordingly, given the breadth of the class and the nature of the relief sought, in aggregate, the amount of such damages for all putative class members exceeds $5,000,000. This jurisdictional threshold of CAFA is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

## NO STATUTORY EXCEPTIONS TO CAFA APPLY

35. Under CAFA, the federal courts must exercise jurisdiction over class actions in which members of a putative plaintiff class are diverse from a defendant, unless a statutory exception applies. *See* 28 U.S.C. § 1332(d). Therefore, because Sirius XM is a citizen of Delaware and New York and the members of the putative class are citizens of Florida—possibly even Plaintiff herself, this Court has jurisdiction under CAFA unless an exception applies. Three exceptions are available, none of which apply here.

36. The first exception applies in circumstances involving putative class actions where two-thirds or more of the members of the putative class and at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed class" is a citizen of the state where the action was originally filed if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). This is referred to as the "Local Controversy Exception."

37. The second exception, referred to as the "Home-State Controversy Exception," applies in circumstances involving putative class actions where two-thirds or more of the members of the putative class and the primary defendants are citizens of the state where the action was originally filed. *Id.* § 1332(d)(4)(B). In these two circumstances—*viz.*, where the Local Controversy and Home-State Controversy Exceptions apply—federal courts are required to decline jurisdiction.

38. The third exception gives the court discretion to decline jurisdiction if greater than one-third but less than two-thirds of the members of the putative class and the primary defendants are citizens of the state in which the action was originally filed (the "Discretionary Exception"). *See id.* §1332(d)(3).

39. None of these exceptions apply where there is neither a primary defendant nor a defendant whose conduct forms a significant basis for the claims of the complaint who is a citizen of the state where the action was filed. Accordingly, the exceptions to CAFA do not apply here because Sirius XM, the only defendant in the State Court Action, is not a citizen of Florida. *See* Ex. A., ¶ 3.

**WHEREFORE**, Defendant Sirius XM hereby removes this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, where it is now pending, to the United States District Court for the Middle District of Florida.

DATED: October 28, 2021

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Sara J. Triplett*

Sara J. Triplett
Florida Bar No. 99202
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 689-6590
Facsimile: (213) 623-4581
Email: sara.triplett@squirepb.com

*Counsel for Defendant
Sirius XM Holdings Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Sara J. Triplett*
Sara J. Triplett