IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO:

LYLIE OBIE, individually and on
behalf of all others similarly situated,

      **CLASS ACTION**

Plaintiff,

      **JURY TRIAL DEMANDED**

v.

SIRIUS XM HOLDINGS INC.,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, LYLIE OBIE, files this class action against Defendant SIRIUS XM HOLDINGS INC., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat.. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant is an American broadcasting company based in New York, that provides satellite and online radio services internationally.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

3. To promote its services, Defendant engaged in making unsolicited prerecorded calls to Plaintiff and members of the Class (defined below) to promote its services, without having secured prior written consent as required by the FTSA.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES AND JURISDICTION

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat § 501.059(1)(a) in that she was the regular user of a telephone number ***-***-9534 (the "9534 Number") that received Defendant's telephonic sales calls.

7. Defendant is, and at all times relevant hereto was a foreign corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in New York, New York. Defendant directs, markets, and provides business activities throughout the State of Florida.

8. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made

2

telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while residing in and physically present in Florida.

### FACTS SPECIFIC TO PLAINTIFF LYLE OBIE

10. On August 4, 2021, and August 10, 2021, Defendant transmitted a pre-recorded telemarketing sales call to Plaintiff's cellular telephone to the 9534 Number, seeking to solicit payment for their consuming service of providing satellite radio services. Plaintiff has never transacted with Defendant, has never contacted or been contacted by Defendant, and does not have nor ever sought an account with Defendant.

11. The pre-recorded telemarketing call was transmitted to Plaintiff's cellular telephone and within the time frame relevant to this action.

12. The purpose or ultimate goal of Defendant's telephonic sales calls was to solicit the sale of consumer services.

13. The pre-recorded telemarketing call originated from a telephone number owned and/or operated by or on behalf of Defendant.

14. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida.

15. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

16. To transmit the above telephonic sales calls, Defendant utilized a computer software system that automatically selected and/or automatically dialed Plaintiff's and the Class members' telephone numbers.

17. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales call to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

18. Defendant's conduct in placing or causing to be placed the prerecorded call via an automated system for the selection and/or dialing of telephone numbers without prior express written consent violated the FTSA.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

19. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as: **All persons in Florida who (1) were sent a telephonic sales call regarding Defendant's goods and/or services (2) via the same equipment or type of equipment utilized to call Plaintiff.**

20. Excluded from the Class is Defendant, its officers, directors, affiliates, legal representatives, employees, successors, subsidiaries and assigns, as well as the judge and court staff to whom this case is assigned. Plaintiff does not know the exact number of members in the Class but believes the Class members number is in the several thousands, if not more. Plaintiff reserves the right to amend the Class definition if discovery of further investigation reveals that the Class should be modified.

**NUMEROSITY**

21. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

23. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;
>
> (2) Whether the calls at issue constitute "telemarketing" within the meaning of the FTSA;
>
> (3) Whether the calls were placed via an automated system for the selection or dialing of telephone numbers;
>
> (4) Whether the message/communication was prerecorded; and
>
> (5) Whether Defendant is liable for damages.

24. The common questions in this case are capable of producing common answers that are equally applicable classwide. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories and are subject to the same or similar affirmative defenses, meritorious or not. By prosecuting her own claim, Plaintiff necessarily advances the claims of putative Class Members.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Neither Plaintiff nor the undersigned counsel possess interests fundamentally in conflict with those of the Class. Accordingly, Plaintiff and counsel is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY AND PREDOMINANCE**

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class may be significant, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Moreover, the aforementioned common answers predominate over individual questions, if any. Virtually all issues in this litigation are subject to common proof, including issues as to both liability and damages.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. §501.059**
**(On Behalf of Plaintiff and the Class)**

29. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

30. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat §501.059(8)(a).

31. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services or an extension of credit for such purposed." Fla. Stat §501.059(1)(i).

32. Prior express written consent means an agreement in writing that:

   1. Bears the signature of the called party.

   2. Clearly authorizes the person making or allowing the placement of a telephonic sales call...to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. ...authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded messaged...; and

7

      b. he or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

33. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

34. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

35. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

36. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: September 28, 2021                    Respectfully submitted,

**NORMAND PLLC**

*/s/ Jake Phillips*
Jacob L. Phillips
Florida Bar No. 120130
jacob.phillips@normandpllc.com
Edmund A. Normand
Florida Bar No. 865590
ed@ednormand.com
3165 McCrory Place, Ste. 175
Orlando, Florida 32805
Tel: (407) 603-6031
ean@normandpllc.com

**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
mhiraldo@hiraldolaw.com
401 E. Las Olas Blvd., Ste. 1400
Ft. Lauderdale, Florida 33301
Tel: (954) 400-4713

**IJH LAW**
Ignacio Hiraldo
Florida Bar No. 56031
IJhiraldo@IJhlaw.com
1200 Brickell Ave., Ste. 1950
Miami, Florida 33131
Tel: (786) 496-4469