UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:21-cv-01086-BJD-PDB

LYLIE OBIE, *individually and*
*on behalf of all others similarly situated*,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

SIRIUS XM HOLDINGS, INC.,

Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Lylie Obie brings this class action against Defendant Sirius XM Holdings, Inc., and states:

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. Defendant is a publicly traded broadcasting company that regularly grosses over $7 billion per year.

3. Defendant regularly contacts consumers with prerecorded voice calls without consent.

4. Such was the case with Plaintiff who received several prerecorded voice calls from Defendant even though Plaintiff has never had any type of relationship with Defendant.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful

---

[1] Filed with Defendant's consent.

1

conduct, statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

7. Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Florida.

10. Defendant is a New York corporation with its headquarters located in New York, New York.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes

all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. Commencing in early August 2021, Defendant began placing prerecorded voice calls to Plaintiff's cellular telephone ending in 9534. Plaintiff and received and listened to Defendant's prerecorded messages at least on August 4, 2021 and September 3, 2021.

13. The calls originated from a telephone number owned and/or operated by Defendant.

14. The calls consisted of a robotic voice stating that the calls were from Defendant.

15. Plaintiff is not, nor was, Defendant's customer.

16. Plaintiff does not, nor did, have any business relationship with Defendant.

17. Plaintiff does not, nor did, have any account with Defendant.

18. Plaintiff does not owe any money to Defendant.

19. Plaintiff did not provide her cellular telephone number to Defendant.

20. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number using an artificial or prerecorded voice.

21. Upon information and belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

22. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency.

23. At the time Plaintiff received these calls Plaintiff was the subscriber and sole user of the 9534 Number.

24. Plaintiff received the subject calls within this District and, therefore, Defendants'

violations of the TCPA within this District.

25. Given Defendant's routine use of generic prerecorded calls to contact consumer, Plaintiff is informed and believes that Defendant placed at least 50 prerecorded voice calls to as many individuals during the four years prior to the filing of this complaint.

26. These individuals did not directly or indirectly provide their telephone numbers to Defendant and, therefore, Defendant did not have express consent to contact their numbers with a prerecorded voice message.

27. Further, and as demonstrated by the above consumer complaints, Defendant's practices have resulted in numerous individuals receiving calls without consent.

28. Additionally, Defendant utilized prerecorded messages to contact these individuals because a prerecorded message is more time efficient; in other words, Defendant can attempt to contact more individuals using a prerecorded message than it can by placing a manual call.

29. Further, the use of prerecorded messages allows Defendant to reduce costs. By using prerecorded messages, Defendant can place a larger volume of calls at a lower cost than it would be able to do so if it had to hire individuals to place the calls.

30. Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life, and violated Plaintiff's substantive rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated, defined as follows:

> **All persons throughout the United States who, during the four years prior to the filing of this lawsuit, received a prerecorded voice call from or on behalf of Defendant**.

32. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

34. Plaintiff is informed and believes that Defendant placed prerecorded calls to telephone numbers belonging to at least 50 individuals in the United States, without their consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the members of the Class members can be determined and identified utilizing Defendant's business records and Defendant's outbound call logs showing all instances where a telephone number was called utilizing a prerecorded voice message.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

5

  e) Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although

certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA Class)

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

45. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

46. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

47. Defendant knew or should have known that it did not have consent to call these numbers.

48. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

49. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited prerecorded call activity, and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: December 17, 2021

                                          Respectfully Submitted,

By: **HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
Telephone: 954-400-4713